Johnson, J.
delivered the opinion of the Court.
The liability of a nominal plaintiff for the costs of a suit, brought by another for his own benefit, against a third person, proceeds upon the ground, and exists only, where the suit has been authorized by the plaintiff himself. His liability is that of the principal for the acts of the agent. The transfer of notes or other evidences of debt, without indorsement, is no unusual occurrence; and it has been uniformly held, that such a transfer authorizedjhe transferee to receive the money due on it, and if the debtor refused to pay, to sue in the name of the payee. Ware v. Key 2 M’C. 373.
It is scarcely necessary to refer to authorities to shew, that the principal is only bound for the acts of his agent,, so far as he has acted within the scope of his authority ; or that when he has performed what his authority authorized, his agency ceases, and the principal is no longer bound by his acts : and especially so, *547 where the fact was known to the party' complaining of the act of the agent. What is this case 1 The plaintiff transferred the defendant’s note to Sullivan, who duly received the contents; and afterwards, his administrator sues for the same debt, in the name of the plaintiff. The defendant necessarily knew, that the debt was paid, and that Sullivan’s agency had ceased. He lsad received the money, and that was all that the plaintiff had authorized him to do. There is then, no foundation for the assumption that Sullivan’s administrator, in bringing his suit, acted under the authority of the plaintiff; and therefore the latter is not liable. Sullivan’s retention of the note, was the fault of defendant. When he paid it, he had a right to demand it.
Motion refused.